# UNITED STATES DISTRICT COURT

for the

District of

Division

United States Courts
Southern District of Texas
FILED
*6/17/2025*
Nathan Ochsner, Clerk of Court

Abner L. Washington
Plaintiff Pro Se

Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

George Lising Owner Merc;
Richard Dabner Manager Medline;
John Whit Mayor City of Houston
John Doe, Owner Periscope P.T.

Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. ______________________
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non–Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Abner L. Washington
Address: 3470 Overcross Dr
Houston (City) Texas (State) 77045 (Zip Code)
County: Harris
Telephone Number: (346) 390-1172
E-Mail Address: washingtonabner2@gmail.com

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: George Lising Owner Merc
Job or Title *(if known)*: Manager Merc Medical Supplies, Inc
Address: 10518 Kipp Way St Ste D
Houston (City) Texas (State) 77099 (Zip Code)
County: Harris
Telephone Number: (713) 270 - 4936
E-Mail Address *(if known)*: unknown
☑ Individual capacity ☐ Official capacity Corporate

Defendant No. 2
Name: Richard Dabner,
Job or Title *(if known)*: Facilities Manager Medline Industries
Address: 29895 U.S. 90
Katy (City) Texas (State) 77493 (Zip Code)
County: Walker
Telephone Number:
E-Mail Address *(if known)*: Unknown
☑ Individual capacity ☐ Official capacity Corporate

Defendant No. 3 — Jim Aguilar C.E.O. Periscope

Name: John Doe Periscope PT Homecare

Job or Title *(if known)*: Home Care Evaluations

Address: Molina Health Care; 548 Market St

Houston TX

San Francisco CA. 94104

City State Zip Code

County:

Telephone Number: FAX (877) 356-5683

E-Mail Address *(if known)*: MolinaHealthcare.com/WI

☑ Individual capacity ☐ Official capacity Corporate

Defendant No. 4 — John Doe Molina Healthcare

Name:

Job or Title *(if known)*: Executive Administrator

Address: 5050 Westheimer Rd

Houston TX 77056

City State Zip Code

County: Harris

Telephone Number: (845) 875-4625

E-Mail Address *(if known)*:

☑ Individual capacity ☐ Official capacity Corporate

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

U.S. Const. 5th and 14th Amends

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Each defendant are an agency or corporation both locally and internally and are bound the laws and statutes of the United States and to practice their business in a constitutional manner.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Houston Texas

B. What date and approximate time did the events giving rise to your claim(s) occur?

1) January 2025
2) April 2025

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attached pages 1- thr -7

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See attached pages 1 thr 7

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See pages 8-9 + attached

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Abner J Washington

Signature of Plaintiff: Abner J Washington

Printed Name of Plaintiff: Asner L, Washington

### B. For Attorneys

Date of signing: ______

Signature of Attorney ______

Printed Name of Attorney ______

Bar Number ______

Name of Law Firm ______

Address ______

City ______ State ______ Zip Code ______

Telephone Number (346) 390 1172

E-mail Address washingtonabher24@gmail.com

Statement of the Case

1) Plaintiff Washington is a disabled person and on medicaid healthcare program;

2) Plaintiff Washington physically suffers from; Severe back injury which includes

a) Spinal Stennosis;

b) osteoarthritis;

c) herniated bulging disc lower lumbar spine;

d) arthritis in both knees;

e) sciatic in both legs.

3) Plaintiff Washington has been under the care of Dr. S. Challa at the Harris County Martin Luther King Clinic; also, doctors in Baytown, Texas and Galveston, Texas.

4) Dr. Challa first ordered Plaintiff Washington a mobility Scotter in January 2020, Dr. Challa conformed and performed every duty and obligation the Insurance Company, Molina Healthcare required in order to secure the pre-requisition process, acceptance and approval by the Insurance Company.

5) This process went on for a few years, finally on and about January 2025, an agent John Doe of Periscope visited the plaintiff's home assessing household internal capacity for the scooter to move around inside the home

6) Plaintiff Washington informed inspector John Doe for Periscope: "I need the Scooter to travel out the house not inside the house."

7) Agent John Doe, explained: "Our agency is not concerned with out of the home movement, (off the record); Accordingly, Agent John Doe determined that the Plaintiff did not qualify for an in home Scooter; See Exhibit no * A attached letter from Molina Healthcare;

8) Dr. Challa, after being advised that the Scooter request was denied pressed forward to aid and care for her patient Plaintiff Washington;

9) Dr. Challa has been working with the Plaintiff for a few years, possibly seven (7) thus, the Doctor is mindful of the complaints about pain and the inability to walk outside the home to attend life necessities and business engagements. The Plaintiff does not own a car and uses public transportation; and is only provided vehicle transportation to and from medical appointments; Any and all other business the plaintiff had to walk beyond his physical capacity and in doing endured great pain and suffering;

10) Dr. Challa ordered a rollator Walker to which Molina Healthcare honored; the plaintiff received a Medline Rollator Walker from Merc Medical Supplies;

11) When Plaintiff went to Merc Supplies he complained about the height and width of the rollator Walker, which is strikingly different from to V.A. hospitals F-22 Rollator Walker, See Exhibits (* B and C)

12) The Merc Supplies Technician Informed plaintiff that the handle-bars do not rise higher that a very minimum, and that in order to get a wider Rollator the Plaintiff had to weigh 250 lbs or more;

13) Plaintiff asserts that due to the very low handle-bars and the very small front wheels, the medline rollator walker creates health and walking hazards that has caused him to fall and flip over the rollator walker; This is due to the designed defect;

14) Plaintiff asserts that the Manufactor Medline Corporation has manufactured a defective product; namely, a rollator Walker that is manufactored and designed to prevent falls and injuries, but does just the opposite and causes falls and injuries;

15) On and about April 26th the Plaintiff fell over the rollator walker falling into a metal light pole hitting his, head, shoulder and hands as he slammed in a forward fall, and upon recovery got up and walked to CVS to pick up his medication;

16) That being the approximate fifth fall accident; this fall leaving an open cut on the plaintiff's right calff or lower leg; camera cellphone picture taken;

17) The plaintiff was taken to Hermann Memorial hospital and ex-rays were taken. No brokened bones;

~~17~~) Plaintiff asserts that the defect of the Medline walker is compounded by the uneven sidewalks in Houston Texas, the medline walker with small wheels generally will abruptly forcestop causing the plaintiff's knees to strike up against a metal seating bar that is knee high level to the plaintiff; These force stops are so frequent due to the state of ill-repaired and unrepaired damaged sidewalks;

18) Plaintiff asserts that the City of Houston has exhibited a callous, reckless and deliberate disregard for the damaged

Sidewalks, which in effect, impedes, hinders and denies handicap persons safe access on public Sidewalks, and require handicap persons to fall, or walk in the streets with moving vehicles; and based on such deliberate indifference to the Sidewalks, the failure and outright refusal to repair the sidewalks are exposing the plaintiff and other handicap people in wheelchairs, on scooters and walkers to greater and grave dangers that can result in loss of life and imminent bodily injuries; irreparable harm and damages

19) Defendant John Whitmire, Mayor of the City of Houston is not personally liable but is the primary defendant to be enjoined and injunctions are being sought against, especially involving the fall accident of April 26, 2025; The drop-crack in the sidewalk, combine with the low handle-bars and small-wheels of the Medline rollator walker caused plaintiff's fall and injuries in question, and on other undocu-mented falls and injuries;

20) Thus, the City of Houston is rightly liable for allowing unsafe sidewalk conditions that impede and causing harm to handicap Persons; Thus, this is not merely negligence but gross and deliberate; wreckless and callous indifference and reckless disregard

in violation of the A.D.A Americans With Disability Act.

21) The acts, omissions and conduct of the defendants as described herein collectively, jointly and inseperably has caused the plaintiff harm and injury and will continue to cause irreparable harm and injuries unless this enjoins and declares such action to primarily offend the Americans with disability Act;

22) Defendants Molina Healthcare and Periscope has conspired in a monopolization and inappropriate expropiation and misappropriation to divest the plaintiff of adequate and proper auxilliary medical-care and assistance, and such acts are countering and overriding doctors orders and prescribed care;

23) Such acts, omissions and conduct of Molina Healthcare and periscope are deemed malpractice, carless and reckless disregard towards handicap persons based on a theory of discriminatory treatment or impact in violation of Plaintiff's civil and Constitutional rights, and a deprivation of liberty and property interese, with an illegitimate and illogical design afoul of adequate medical care and protecting the rights of handicap persons under the

A.D.A., and in violation of 42 U.S.C. Sec. 1983 civil rights act. Defendants Periscope will qualify and certify a handicap person who owns or lives at a large home or facility eligibility for a scooter, on the other hand a minority who lives in a small house does not qualify; Defendants Periscope is not obviously mindful of the plaintiff's total extent of medical or handicapping physical condition; Furthermore, such physical condition as contemplated by a doctor, are not even considered by Periscope; Thus, Molina Healthcare who employs Periscope and act in concert with each other on an international platform, also, have committed R.I.C.O., violations of law as such may come into play in a sense of violating civil rights by a corporation agency and entity.

## 11. Relief Requested

Wherefore, Plaintiff respectfully request that this Court grant the following relief:

A) a declaratory Judgment that the acts, omissions of the defendants individually, Jointly and collectively violated the plaintiff's 5th and 14th U.S. Const. amends; in violation of the A.D.A.; 42 U.S.C. Sec. 1983 and the RICO Act and are collectively the cause of plaintiff's injuries;

B) Issue an injunction and a temporary restraining order against Molina Healthcare and Periscope to effectively immediately refrain from interfering with Doctor-patient relationship, and Doctor's ordered and prescribed care; unless otherwise, Counteracted by a Specialization doctor reviewing medical records x-rays and personally examination of the plaintiff thereby based on equal or greater ~~con~~ Contrary findings, and based upon the preponderance of credible facts in support; otherwise, desist such interferences;

C) Award Compensatory damages against

1) Molina Healthcare of $250,000 dollars
2) Periscope of $250.000 dollars
3) Medline of $500.000 dollars
4) City of Houston 2,000,000.00 two million dollars to immediately begin sidewalk repairs on all downtown sidewalks and the sidewalks photo'd and electronically mailed to this Court

D) Grant Plaintiff such other and further relief in the interest of justice and equity to which this Court deems appropriate and equitable

/S/ Abner L Washington
Abner L. Washington
Plaintiff Pro Se
(346) 390-1172
3470 Overcross Dr
Houston, Tx 77045

- 9 + attachment